### TEMPLE and others *v.* SMITH and others.

*(Circuit Court, D., Nebraska.* November 11, 1880.)

1. REMOVAL—ASSIGNMENT OF CLAIMS.—A defendant cannot acquire the right to have his cause removed to the federal courts by the purchase of the interests of his co-defendants.*

2. SAME—CONTROVERSY—SEVERAL CREDITORS— CONTEMPORANEOUS ATTACHMENTS.—Five several attachments were sued out on five distinct claims, and were all levied at the same time upon a certain stock of goods. *Held,* that the controversy as to the ownership of the stock of goods was a single controversy between the plaintiffs on one side, and all the attachment creditors upon the other side.

Motion to Remand.

———, for plaintiffs.

———, for defendants.

McCRARY, C. J.   We have considered the motion to remand. This was a suit brought in the state court—a replevin against the sheriff of Saline county to recover possession of a stock of goods which the sheriff held under five several writs of attachment.   The sheriff appeared in the state court, and moved to substitute the judgment creditors as the real parties in interest, and that motion was sustained.   Two of these judgment creditors are citizens of this state, one of them is a citizen of Iowa.   After the subtitution of the judgment creditors as defendants, the Iowa firm appeared in the state court and moved to be substituted as sole defendant, alleging that they had become the purchasers of the claims.   There is nothing in the record to show that motion was acted upon by the state court, but immediately upon its being filed the non-

*See *Hoyt* v. *Wright,* 4 FED. REP. 168.

resident defendants of Iowa filed a petition to remove the cause to this court, alleging that they had been purchasers and assignees of the other defendants. The motion is now made to remand by the plaintiffs.

I have already decided that an assignee who could not originally sue in this court cannot remove the cause from the state court. That disposes of this case, except so far as the claims of the Iowa parties, which they held originally, are concerned. They owned one of the five claims upon which this attachment was sued out, independently,—a claim which was in controversy in this case. It is now insisted, under the second section, that, if the whole case cannot be removed, so much as related to the claim of these non-resident parties may be removed. The original controversy here is between the Iowa attaching creditors and these plaintiffs, but it is not wholly between them. The controversy is as to the ownership of this stock of goods, and that is a controversy between the plaintiffs on one side, and all the attachment creditors on the other side. It cannot be said to be a controversy between the plaintiffs and any one of the creditors. It follows that, if this cause should be removed, there might be conflicting judgments upon this same subject.

There is another difficulty. The attachments were all levied at the same time, and they are to be paid out of the proceeds of the property. How can this court confer with, or act with, any court in making any *pro rata* disposition of this fund? I do not see how it would be possible to get along in that way. Even if both courts should sustain the attachment, we could not be inquiring what the state court had done.

I do not think the controversy is one which can be fully determined between the Iowa parties and other claimants, and the motion to remand is sustained.